Matthew J. Blaschke (SBN 281938)
*mblaschke@kslaw.com*
Rachel S. Rubens (SBN 333886)
*rrubens@kslaw.com*
**KING & SPALDING LLP**
50 California St., Ste. 3300
San Francisco, CA 94111
Tel: (415) 318-1200
Fax: (415) 318-1300

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim USA Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# CENTRAL DIVISION

| | |
|---|---|
| CHARLENE SIMMONS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GLAXOSMITHKLINE, LLC; PFIZER, INC.; BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BOEHRINGER INGELHEIM USA CORPORATION; SANOFI US SERVICES INC.; SANOFI-AVENTIS U.S. LLC; CVS PHARMACY, INC.; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 2:21-CV-06465<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim USA Corporation (collectively, "Removing Defendants") hereby submit this notice of removal of this action, *Simmons v. GlaxoSmithKline, LLC*, Case No. 21STCV24150, from the Superior Court of California for the County of Los Angeles – Central District. As grounds for removal, Removing Defendants state as follows:

## INTRODUCTION

1. This action is one of many related lawsuits filed against manufacturers and retailers of Zantac (ranitidine) relating to cancers allegedly caused by the drug. On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020). The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, well over 1,000 actions have been transferred to the Zantac MDL, with more (including this action) surely to follow.

2. None of the national pharmaceutical manufacturers named in this case is a citizen of California, nor is the only retailer named in this case, CVS Pharmacy, Inc., a citizen of California. Thus, the basis for removal here is materially identical to the basis for federal jurisdiction over dozens of substantially similar ranitidine-related cases previously transferred to the MDL: there is complete diversity of citizenship between Plaintiff and Defendants.

## BACKGROUND

3. On June 30, 2021, Plaintiff Charlene Simmons filed her Complaint in the Superior Court of California for County of Los Angeles – Central District against

entities that Plaintiff alleges are current and former manufacturers of Zantac/ranitidine, and CVS Pharmacy, where Plaintiff alleges to have purchased Zantac/ranitidine. **See Exhibit 1**.

4. The thrust of the Complaint—like others in the MDL—is that Plaintiff ingested Zantac/ranitidine and, as a direct and proximate result, developed cancer. Compl. ¶ 2. Copies of Plaintiff's Complaint and all other documents filed in the case are attached as **Exhibit 1**. Specifically, Plaintiff alleges that "[a]s a direct and proximate result of consuming carcinogenic Ranitidine-containing drugs, Plaintiff was diagnosed with cancer." *Id.* ¶ 5.

5. The Complaint alleges nine (9) causes of action: (1) strict products liability (failure to warn); (2) strict products liability (manufacturing defect); (3) negligence (failure to warn); (4) negligence (product defect); (5) negligence (manufacturing defect); (6) negligent misrepresentation; (7) strict liability (retailers); (8) strict liability (distribution defect); and (9) negligence (retailers). *Id.* ¶¶ 183-312.

## VENUE AND JURISDICTION

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California for the County of Los Angeles – Central District, where the Complaint was filed, is a state court within the Western Division of the Central District of California.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000 exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

# BASIS OF REMOVAL

## I. There Is Complete Diversity of Citizenship Between Plaintiff and Defendants.

8. There is complete diversity of citizenship here because Plaintiff is a California citizen, and all Defendants are citizens of states or a foreign state other than California.

9. Upon information and belief, Plaintiff is and at all relevant times was, a resident of the State of California. For diversity purposes, state citizenship requires the individual be domiciled in that state. *See Kantor v, Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A party's "place of residence is prima facie evidence of domicile." *Angelic Cuevas v. Lowes Home Ctrs., LLC*, No. 20-CV-2755, 2020 WL 6439174, at *3 (C.D. Cal. Aug. 5, 2020) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Although Plaintiff's state of residence is absent from the Complaint, the address listed on the Civil Case Cover Sheet as the "basis for the filing location" is a Los Angeles residence. Plaintiff is therefore believed to be a citizen of California.

10. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company "is a citizen of every state in which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. Compl. ¶ 20. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

12. Defendant Boehringer Ingelheim USA Corporation is a corporation organized under the laws of Delaware with its principal place of business in Ridgebury,

Connecticut. *Id*. ¶ 21. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

13. Defendant GlaxoSmithKline LLC is a limited liability company organized under the laws of Delaware. *Id*. ¶ 17. Its sole member is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. GlaxoSmithKline LLC is, therefore, a citizen of Delaware.

14. Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *Id*. ¶ 19. Pfizer Inc. is, therefore, a citizen of Delaware and New York.

15. Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. *Id*. ¶ 23. Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

16. Defendant Sanofi-Aventis U.S. LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. *Id*. ¶ 24. The sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation with its principal place of business in New Jersey. Sanofi-Aventis U.S. LLC is, therefore, a citizen of Delaware and New Jersey.

17. Defendant CVS Pharmacy, Inc. is a corporation organized under the laws of Delaware with its principal place of business located in Woonsocket, Rhode Island. *Id*. ¶ 26. CVS Pharmacy, Inc. is, therefore, a citizen of Delaware and Rhode Island.

18. Defendants "Does 1 to 100" are disregarded when assessing the diversity of citizenship of the parties for removal. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded"); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious

defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

19. Because Plaintiff is a citizen of California and all Defendants are citizens of states other than California or a foreign country, complete diversity of citizenship exists between Plaintiff and Defendants. *See* 28 U.S.C. §§ 1332(a).

## II. The Amount in Controversy Exceeds $75,000.

20. Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

21. California Code of Civil Procedure Section 425.10(b) prevents a plaintiff from stating a specific damage claim in a personal injury action.

22. Where a complaint does not allege a specific amount of damages, "the Court must first consider 'whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.'" *Mobasser v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02567, 2013 WL 12142942, at *2 (C.D. Cal. June 13, 2013) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Campbell v. Bridgestone/Firestone, Inc.*, No. 05-CV-01499, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (holding that it was apparent from the complaint that the amount in controversy was met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and sought compensatory damages, hospital and medical expenses, general damages, and loss of earning capacity).

23. Courts regularly find that the amount-in-controversy requirement has been satisfied where, as here, a plaintiff alleges serious bodily injury. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296-97 (S.D.N.Y. 2001). Moreover, California courts have awarded compensatory and punitive damages in excess of $75,000 in products liability cases where such injuries are alleged. *See, e.g.*, *Karlsson v. Ford*

*Motor Co.*, 45 Cal. Rptr. 3d 265, 268 (Cal. Ct. App. 2006); *Jones v. John Crane, Inc.*, 35 Cal. Rptr. 3d 144, 148-49 (Cal. Ct. App. 2005).

24.  Here, Plaintiff alleges that "[a]s a direct and proximate result of consuming carcinogenic Ranitidine-containing drugs, [she] was diagnosed with cancer." Compl. ¶ 5. Plaintiff alleges that she "suffered significant harm, conscious pain and suffering physical injury and bodily impairment including, but not limited to cancer, other permanent physical deficits, permanent bodily impairment and other sequelae." *Id.* ¶ 6. Plaintiff further seeks attorney's fees. *Id.*, Prayer for Relief. Courts have found that allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met. Indeed, in another Zantac case in which the plaintiff similarly claimed cancer as an injury, a federal court in the District of Nevada recently denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury. *See Brooks v. Sanofi S.A.*, No. 20-CV-565, 2020 WL 1847682 (D. Nev. Apr. 13, 2020).

25.  Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction. Plaintiffs in these cases allege that they have been diagnosed with cancer, as Plaintiff here claims. *See, e.g.*, *Woodman v. Sanofi S.A.*, No. 20-CV-80819 (S.D. Fla.); *Watts v. Boehringer Ingelheim Pharms., Inc.*, No. 20-CV-80823 (S.D. Fla.). Although Removing Defendants deny that Plaintiff is entitled to any damages, like those cases, this case meets the requirements for federal diversity jurisdiction. *See Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

### III. All Other Removal Requirements Are Satisfied.

26. This Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b). Upon information and belief, all Defendants were served on July 23, 2021. All Defendants consent to removal.

27. By filing this Notice of Removal, Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

### CONCLUSION

WHEREFORE, Removing Defendants give notice that the matter bearing Case No. 21STCV25150, pending in the Superior Court of California for the County of Los Angeles – Central District, is removed to the United States District Court for the Central District of California – Western District, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: August 11, 2021

/s/ Matthew J. Blaschke
Matthew J. Blaschke (SBN 281938)
mblaschke@kslaw.com
**KING & SPALDING LLP**
50 California St., Ste. 3300
San Francisco, CA 94111
Tel: (415) 318-1200
mblaschke@kslaw.com

*Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim USA Corporation*